UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| RONIAL BLANKENSHIP, an individual; | ) CASE NO.:    3:10cv1352 |
| | ) |
| Plaintiff, | ) COMPLAINT FOR VIOLATION OF |
| | ) ERISA SECTION 502(a)(1)(B); |
| v. | ) |
| | ) |
| GREENWOOD, INC. LONG-TERM | ) [29 USCS 1132(a)(1)(B)] |
| DISABILITY PLAN, an Employee Welfare | ) [29 USCS 1132(g)] |
| Benefits Plan; THE HARTFORD LIFE & | ) |
| ACCIDENT INSURANCE COMPANY, a | ) |
| Connecticut Corporation; and DOES 1 | ) |
| through 10, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Ronial Blankenship, alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Putnam County, West Virginia. He was an employee of Greenwood, Inc. and by virtue of said employment he qualified for disability benefits.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Greenwood, Inc. Long-Term Disability Plan is an employee welfare benefit plan administered in South Carolina and doing business in the Southern District of West Virginia.

3. Plaintiff is informed, believes and thereupon alleges that Defendant, The Hartford Life & Accident Insurance Company is a corporation existing under the laws of Connecticut and doing business in the Southern District of West Virginia.

4.      The true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, are unknown to the Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed, believes, and on that basis alleges that each of the Doe Defendants, as well as the named Defendants, is responsible in some manner for the events, happenings and damages alleged herein.  Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of the Doe Defendants when ascertained.

5.      Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 10, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged.

## Jurisdiction and Venue

6.      Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e)(1)(Federal Question).  Venue is proper pursuant to 29 U.S.C. § 1132 (c) and 28 U.S.C. § 1391(b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendant's breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Huntington Division).  Venue is additionally proper pursuant to 29 USC Section 1132(e)(2).

## Plan Provisions and Actions

7.      The Plan was at all material times a duly organized, existing and qualified Plan. *A copy of the Long-Term Disability Plan is attached hereto as Exhibit "A" and incorporated herein by reference.*

8.    The Plaintiff was a duly qualified participant in the Plan at all material times hereto.  Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

9.    The Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

10.    The Plan contains the following definition of disability:

**Total Disability** or **Totally Disabled** means that You are prevented by:

1) Injury;
2) Sickness;
3) Mental Illness;
4) Substance Abuse; or
5) pregnancy;
from performing the Essential Duties of Your Occupation, and as a result, You are earning less than 20% of Your Pre-disability earnings.  If you are in an occupation that requires You to maintain a license, Your failure to pass a physical examination required to maintain a license to perform the duties of Your occupation alone, does not mean that you are Disabled from Your Occupation.

*Exhibit A* at 19.

11.    In November of 2009, the Plaintiff, due to a chemical exposure and subsequent development of RADS ("Reactive Airways Dysfunction Syndrome"), became totally disabled by virtue of his inability to work as required by the Plan.

12.    On or about February 8, 2010, the Plaintiff received a letter from Frank Castaneda, Ability Analyst for The Hartford Life and Accident Insurance Co., that his application for  LTD benefits had been denied.

13.    The Plaintiff, by the undersigned counsel, appealed this denial on August 9, 2010.  *See Exhibit B.*

3

14.     Following this appeal, the Hartford Life and Accident Insurance Co. issued a final denial of Plaintiff's claim for LTD benefits on November 10, 2010.

15.     This final denial fully exhausted the Plaintiff's administrative remedies.

16.     The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

        a.     The objective medical evidence of his treating physicians, *See Exhibit C*;

        b.     The Functional Capacity Evaluation performed on the Plaintiff by Holzer Clinic, *See Exhibit D*.

17.     Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay.  The Plaintiff brings this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

18.     The Court has authority to review the decision of the Plan de novo.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Greenwood, Inc. Long-Term Disability Plan, The Hartford Life & Accident Insurance Company and DOES 1 through 10, inclusive.)**

19.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18, inclusive.

20.     The Plaintiff is due rights and benefits under the terms of the Plan.

21.     The Defendants denied the Plaintiff the rights and benefits due under the Plan.

22.     The decision denying the Plaintiff the rights and benefits due to the
Plaintiff under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory
and not made in good faith.  The decision is not supported by substantial evidence and
arises from an erroneous application of the Plan and federal law.

23.     As a direct and proximate result of the Defendants' actions, the Plaintiff
has sustained damages in an amount to be proven.  Such damages will approximate the
amount of benefits payable to the Plaintiff under the terms of the Plan.

24.     As a further direct and proximate result of the Defendants' actions, the
Plaintiff has incurred, and will incur in the future, attorney fees and costs in an amount to
be proven.

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows:

1.   Ordering the Defendants to pay to Plaintiff all benefits due under the Plan;

2.   Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award Plaintiff a money judgment for all sums owed to Plaintiff;

3.   Awarding Plaintiff prejudgment interest to the date of judgment;

4.   Awarding Plaintiff's attorney's fees, court costs and all other reasonable costs incurred; and

5.   Granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

**Dated: December 6, 2010**

**UNDERWOOD LAW OFFICES**

By:_____

**J. Patrick L. Stephens, WVSB #10262**
**923 Third Avenue**
**Huntington, WV 25701**
**Telephone: (304) 522-0508**
**Facsimile: (304) 399-5449**
*Counsel for Plaintiff*